JASPAN SCHLESINGER LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8289
Frank C. Dell'Amore, Esq.
fdellamore@jaspanllp.com
*Attorneys for Rossrock Fund II LP*

Return Date and Time:
March 11, 2014 at 11:00 a.m.
Response Deadline:
March 4, 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:

CLAUDETTE BOOTHE

Debtor.
-----------------------------------------------------------------------x

Chapter 13

Case No.:  14-40363-cec

## NOTICE OF MOTION SEEKING RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE,** that on March 11, 2014 at 11:00 a.m., secured creditor,

Rossrock Fund II LP ("**Rossrock**") will move before the Honorable Carla E. Craig, United States

Bankruptcy Judge, United States Bankruptcy Court, 271 Cadman Plaza East, Courtroom 3529,

Brooklyn New York 11201, or as soon thereafter as counsel can be heard for an Order pursuant

to §§ 362(d)(1), (2) and (4) of the United States Bankruptcy Code and Rules 4001(a) and 9014 of

the Federal Rules of Bankruptcy Procedure for relief from the automatic stay to permit Rossrock

to pursue its rights under applicable state law with respect to the Property (as defined in the

Motion), and for such other and further relief as this court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** Objections to Rossrock's application shall be

filed as through the Bankruptcy Court's electronic filing system (in accordance with General

Order 476), which may be accessed through the Internet at the Bankruptcy Court's website,

www.nyeb.uscourts.gov.    A hard copy of the objection, marked "Chamber's Copy" and

addressed to the attention of the Chambers of the Honorable Carla E. Craig shall be filed with the

Clerk, and a hard copy shall be served upon Rossrock's counsel, Frank C. Dell'Amore, Jaspan Schlesinger LLP, 300 Garden City Plaza, 5th Floor, Garden City, New York 11530; the debtor, Claudette Boothe, at 3221 Church Avenue, Brooklyn, New York 11226; the United States Trustee at 201 Varick Street, Suite 1006, New York, NY 10014 and the Chapter 13 Trustee, Michael J. Macco, 135 Pinelawn Road, Suite 120 South, Melville, New York 11747, and filed with the Clerk of the Bankruptcy Court, with a copy to Chambers on or before 4:00 p.m. on March 4, 2014.

Dated:  Garden City, New York
        February 7, 2014

                                        JASPAN SCHLESINGER LLP
                                        *Attorneys for Rossrock Fund II LP*

                              By: _____
                                        Frank C. Dell'Amore, Esq.
                                        300 Garden City Plaza
                                        Garden City, New York 11530
                                        (516) 393-8289

TO:     Claudette Boothe
        3221 Church Avenue
        Brooklyn, NY 11226

        United States Trustee
        201 Varick Street, Suite 1006
        New York, NY 10014

        Michael J. Macco
        135 Pinelawn Road
        Suite 120 South
        Melville, NY 11747

JASPAN SCHLESINGER LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8289
Frank C. Dell'Amore, Esq.
fdellamore@jaspanllp.com
*Attorneys for Rossrock Fund II LP*

Return Date and Time:
March 11, 2014 at 11:00 a.m.
Response Deadline:
March 4, 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:                                                                      Chapter 13

        CLAUDETTE BOOTHE                            Case No.:  14-40363-cec

                     Debtor.
------------------------------------------------------------------------x

## AFFIRMATION IN SUPPORT OF MOTION SEEKING RELIEF FROM THE AUTOMATIC STAY

TO:   THE UNITED STATES BANKRUPTCY COURT
       EASTERN DISTRICT OF NEW YORK

       Frank C. Dell'Amore, an attorney duly admitted to practice law in this court, affirms the

following to be true, under the penalties of perjury:

       1.     Rossrock Fund II LP, ("**Rossrock**"), by its attorneys, Jaspan Schlesinger LLP,

makes this motion for the entry of an order pursuant to 11 U.S.C. §362(d) and Rule 4001(a)(1) of

the Federal Rules of Bankruptcy Procedure, granting Rossrock relief from the automatic stay, in

order to permit Rossrock to pursue its rights under applicable state law with respect to the real

property located at 3221 Church Avenue, Brooklyn, New York (the "**Property**") and for such

other, further and different relief as this Court deems just and proper, respectfully sets forth and

represents the following under the penalty of perjury.

### Preliminary Statement

       2.     The filing of this case is the latest chapter of a long-running scheme designed to

delay, hinder and defraud Rossrock with respect to its rights in the Property.

3.      As set forth more below, the debtor, Claudette Boothe (**"Debtor"**), has systematically and continually deprived Rossrock of its rights to enforce its Judgment (as defined in below) against the Property.  The Debtor has accomplished this by way of multiple bad faith bankruptcy filings affecting the Property and multiple transfers of the Property without Rossrock's consent.

4.      For that reason, Rossrock not only seeks to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2), but it also seeks *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4), to prevent future abuse of the bankruptcy process by the Debtor and the other owners of the Property.

### Relevant Background

5.      Rossrock is the owner and holder of a Note (the "**Note**"), dated April 19, 2004 in the original principal amount of $300,000.00 made by Carlos Luis Toledo ("**Toledo**").

6.      The Note is secured by a Mortgage, dated April 19, 2004 (the "**Mortgage**") on the Property.  The Mortgage was duly recorded in the Office of the City Register of the City of New York under CRFN 2004000554920 on September 3, 2004.

7.      Rossrock is the owner and holder of the Note and Mortgage by virtue of an Assignment of Mortgage, dated December 28, 2007 (the "**Assignment**") and duly recorded in the Office of the City Register of the City of New York under CRFN 2008000044518 on February 1, 2008.  Copies of the Note, Mortgage and Assignment are annexed hereto as Exhibit A.

8.      Prior to April 19, 2004, the date of the Note and Mortgage, the Debtor and Andre Audige ("**Audige**") owned the Property.  On April 19, 2004, the Debtor and Audige transferred the Property to Toledo, who then executed the Note and Mortgage.  On June 17, 2004, Toledo

transferred the property back to the Debtor and Jody Ashton ("**Ashton**"), who, upon information and belief, is the daughter of the Debtor. Copies of the Deeds evidencing the foregoing transfers are annexed hereto as Exhibits B and C, respectively.

9. Toledo defaulted under the Note and Mortgage, and Rossrock's predecessor in interest commenced an action to foreclose the Mortgage by filing the Summons and Verified Complaint in the Supreme Court of the State of New York, County of Kings (the "**State Court**") on December 4, 2007 (the "**Foreclosure Action**"). The Debtor and Ashton were made party defendants in the Foreclosure Action by virtue of their purported ownership interest in the Property by deed dated June 17, 2004.

10. On February 26, 2009, after Toledo, the Debtor and Ashton all failed to appear in the Foreclosure Action, the State Court issued an Order of Reference, which was entered on March 24, 2009.

11. On or about April 14, 2009, the Debtor filed an order to show cause in the Foreclosure Action seeking, *inter alia*, to vacate her default in appearing in the Foreclosure Action ("**1st OSC**"). The 1st OSC was thereafter withdrawn by the Debtor, but a second order to show cause seeking the same relief was filed and signed by the State Court on April 21, 2009 ("**2nd OSC**"). The 2nd OSC was granted only to the extent that a traverse hearing was scheduled regarding the service of process upon the Debtor. Copies of the 1st OSC and 2nd OSC are annexed hereto as Exhibits D and E, respectively.

12. On November 12, 2009, after a traverse hearing was conducted, the State Court determined that service of process on the Debtor in the Foreclosure Action was proper. A copy of that Order is annexed hereto as Exhibit F.

13.     In or about January 2010, Rossrock filed a motion for a Judgment of Foreclosure and Sale ("**Judgment Motion 1**").  However, before rendering a decision on Judgment Motion 1, the State Court transferred the matter to the Foreclosure Settlement Conference Part for a settlement conference.  Rossrock appeared at the Foreclosure Settlement Conference Part for conferences on April 26, 2010 and June 1, 2010; however, neither the Debtor nor Ashton appeared.

14.     On June 9, 2010, the Debtor filed a third order to show cause wherein she sought an order, *inter alia*, directing Rossrock to reinstate the Note and Mortgage and to vacate a Judgment of Foreclosure and Sale (even though same had not been issued yet) ("**3rd OSC**").  A copy of the 3rd OSC is annexed hereto as Exhibit G.  The 3rd OSC was orally denied by the Court.

15.     Another settlement conference was held on July 7, 2010.  At this conference, Rossrock and the Debtor entered into to a stipulation ("**Stipulation**") to resolve the Foreclosure Action.  Unfortunately, the Debtor defaulted under the Stipulation by failing to make a payment due thereunder and by allowing the insurance to lapse on the Property.

16.     After the Debtor defaulted under the Stipulation, two (2) additional settlement conferences were scheduled by the State Court, however, neither the Debtor nor Ashton appeared at those conference.  As a result, the Foreclosure Action was released from the Foreclosure Settlement Conference Part.

17.     On December 9, 2011, Rossrock filed a second motion for a judgment of foreclosure and sale to reflect the updated amounts due and owing on the Note and Mortgage ("**Judgment Motion 2**").

18.     On December 29, 2011, the Debtor filed her fourth order to show cause, which sought, *inter alia*, to vacate her default in appearing the Foreclosure Action and to vacate a Judgment of Foreclosure and Sale (even though same had not been issued yet) ("**4th OSC**"). The Court declined to sign the 4th OSC. A copy of the 4th OSC is annexed hereto as Exhibit H.

19.     On February 2, 2012, the Debtor filed her fifth order to show cause wherein she sought to relieve her counsel ("**5th OSC**"). A copy of the 5th OSC is annexed hereto as Exhibit I. Subsequently, the 5th OSC was marked off the calendar due to the Debtor's improper service of same.

20.     On August 2, 2012, a Judgment of Foreclosure and Sale was entered in the Foreclosure Action (the "**Judgment**"). A copy of the Judgment with notice of entry is annexed hereto as Exhibit J.

21.     On September 13, 2012, Rossrock served a copy of the first notice of sale ("**First Notice of Sale**") upon all parties, which indicated that the foreclosure sale was scheduled for October 25, 2012. A copy of the First Notice of Sale is annexed hereto as Exhibit K.

22.     On October 23, 2012, two days prior to the scheduled sale, the Debtor filed a chapter 13 bankruptcy petition in this Court under Bankruptcy Case No. 12-47480-cec (the "**First Bankruptcy Case**"). After successfully causing the sale to be cancelled, the Debtor filed an application requesting that the case be voluntarily dismissed, which was granted on November 30, 2012. A copy of the Chapter 13 Bankruptcy filing and the dismissal order are annexed hereto as Exhibit L.

23.     Thereafter, on December 24, 2012, Rossrock served a copy of the second notice of the sale ("**Second Notice of Sale**") upon all parties, which indicated that the foreclosure sale

was scheduled for January 10, 2013. A copy of the Second Notice of Sale is annexed hereto as Exhibit M.

24.    On January 9, 2013, the Debtor filed the sixth order to show cause, wherein she sought to vacate the Judgment ("**6th OSC**"). The 6th OSC was initially signed by the Court thereby staying the foreclosure sale. A copy of the 6th OSC is annexed hereto as Exhibit N.

25.    On April 30, 2013, the Court denied the ultimate relief sought in the 6th OSC, finding that the Debtor failed to establish an excusable default for failing to appear in the Foreclosure Action. The State Court also found that the Debtor failed to establish a meritorious defense to the Foreclosure Action. A copy of the Order denying the 6th OSC is annexed hereto as Exhibit O.

26.    Thereafter, on May 15, 2013, Rossrock served a copy of the third notice of sale ("**Third Notice of Sale**") upon all parties, which indicated that the foreclosure sale was scheduled for June 20, 2013. A copy of the Third Notice of Sale is annexed hereto as Exhibit P.

27.    On or about June 5, 2013, the Debtor filed a Notice of Appeal (the "**Notice of Appeal**") of the denial of the 6th OSC. The Appellate Division, Second Department, issued a Decision and Order dated June 28, 2013 (the "**Decision and Order**"), denying the stay of the foreclosure sale scheduled for June 20, 2013. A copy of the Decision and Order is annexed hereto as Exhibit Q.

28.    Prior thereto, on June 18, 2013, the Debtor filed a chapter 13 bankruptcy petition in the Bankruptcy Court of the Southern District of Florida under Bankruptcy Case No. 13-24337-rbr (the "**Second Bankruptcy Case**"), once again staying the sale of the Property. On July 30, 2013, the Court dismissed the Second Bankruptcy Case "with prejudice as to the filing of any bankruptcy case in any federal court in the United States of America by the above-named

debtor for 180 days from entry of [the] order . . . ." The order remained in effect until January 26, 2014 - 180 days from July 30, 2013. A copy of that chapter 13 bankruptcy filing and the dismissal order are annexed hereto as Exhibit R.

29.    On September 3, 2013, Rossrock served a copy of the fourth notice of sale ("**Fourth Notice of Sale**") upon all parties, which indicated that the foreclosure sale was scheduled for October 3, 2013 at 2:30 p.m. A copy of the Fourth Notice of Sale is annexed hereto as Exhibit S.

30.    On September 4, 2013, the Debtor and Ashton executed a deed which added Andre Audige as an owner of the Property, without the consent of Rossrock. A copy of the Deed evidencing this transfer is annexed hereto as Exhibit T.

31.    Unable to file another bankruptcy petition, due the Court in the Second Bankruptcy Case finding cause to dismiss that case with prejudice for 180 days, on October 3, 2013 at 1:27 p.m. - sixty-three (63) minutes before the foreclosure sale - Ashton filed a chapter 13 bankruptcy petition in this Court under Bankruptcy Case No. 13-46027-nhl (the "**Third Bankruptcy Case**"), once again staying the sale of the Property. On November 4, 2013, Ashton filed an application requesting that this case be voluntarily dismissed, which application was granted on November 13, 2013. A copy of that chapter 13 bankruptcy filing and the dismissal order are annexed hereto as Exhibit U.

32.    On December 10, 2013, Rossrock served a copy of the fifth notice of sale ("**Fifth Notice of Sale**") upon all parties, which indicated that the foreclosure sale was scheduled for January 30, 2014 at 2:30 p.m. A copy of the Fifth Notice of Sale is annexed hereto as Exhibit V.

33.    On January 29, 2014 – one (1) day before the scheduled sale of the Property and a mere three (3) days after the expiration of the 180-day period in which the Debtor was prohibited

from filing bankruptcy cases – the instant chapter 13 petition was filed by the Debtor, once again staying the sale of the Property.

34.     It should be noted that although the Debtor has filed this case *pro se*, she has been represented by multiple attorneys throughout the tortured history of this matter.  In fact, upon filing the instant petition, one of the Debtor's attorneys sent an e-mail to the undersigned advising that this case had been filed.[1]  A copy of said e-mail is annexed hereto as Exhibit W.

### The Automatic Stay Should be Modified to Permit Rossrock to Exercise Its State Law Remedies and Rossrock Should be Granted In Rem Relief

35.     By the instant motion (the "**Motion**"), Rossrock seeks relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, to continue the Foreclosure Action against the Property.

36.     Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

(1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2)     with respect to a stay of an act against property under subsection (a) of this section, if –
(A)  the debtor does not have equity in such property; and
(B)  such property is not necessary to an effective reorganization; . . .

(4)     with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court

---

[1] Interestingly, this is the same attorney who the Debtor sought to be relieved from in the 5th OSC.  *See* Exhibit H.

approval; or (B) multiple bankruptcy filings affecting such
real property.

11 U.S.C. § 362(d) (2014).

    A.   <u>Relief From the Automatic Stay Should be Granted Pursuant § 362(d)(4) Because the
Debtor's Bankruptcy Petition is Part of a Scheme to Delay, Hinder, or Defraud Rossrock,
That Involved Transfers of Ownership of the Property and Multiple Bankruptcy Filings
Affecting the Property</u>

    37.    As can be seen above, and from the exhibits attached hereto, there can be no doubt

that this bankruptcy case is simply the latest phase of a long-running scheme designed to delay, hinder

and/or defraud Rossrock.  Indeed, despite being commenced in 2007, the Foreclosure Action has been

continually and systematically delayed for the past six (6) years, preventing Rossrock from enforcing

its rights.

    38.    Although Rossrock only needs to establish that the scheme to delay, hinder or defraud

it involved either multiple bankruptcy filings affecting the Property *or* the transfer of ownership of the

Property without the consent of Rossrock, both circumstances are present in this matter.

    39.    This is the fourth bankruptcy filing which has stayed a sale of the Property

pursuant to the Judgment.  Indeed, since the Debtor and Ashton jointly own the Property,

bankruptcy filings by each of them have invoked the automatic stay with respect to the Property.

Furthermore, since Audige is now a co-owner of the Property, he may also file a bankruptcy

petition to stay a future of sale of the Property

    40.    The First Bankruptcy Case, filed two (2) days before the scheduled foreclosure

sale, was voluntarily dismissed by the Debtor, after she successfully caused a cancellation of the

sale.  Similarly, two (2) days before another scheduled sale of the Property, the Debtor filed the

Second Bankruptcy Case, which was later dismissed with prejudice for 180 days as to any

*subsequent case filed by the Debtor.*

41.    Since the Debtor was unable to cancel the foreclosure sale scheduled on October 3, 2013 by filing another bankruptcy case, Ashton, who is the Debtor's daughter upon information and belief, filed the Third Bankruptcy Case a mere sixty-three (63) minutes before the sale. After successfully staying the sale of the Property, Ashton too, just like the Debtor, voluntarily dismissed her case so that she would be free to file future bankruptcy cases.

42.    Not surprisingly, a mere three (3) days after the expiration of the 180 day period during which the Debtor was not permitted to file bankruptcy petitions, she filed the instant petition staying the sale that was scheduled one (1) day later.

43.    "The mere timing and filing" of multiple bankruptcy petitions permits this Court to draw the inference that this proceeding is part of a scheme to hinder, delay and defraud Lender. In re: Blair, 2009 Bankr. LEXIS 4195 *12 (Bankr. E.D.N.Y 2009); *citing* In re: Montalvo, 416 B.R. 381 (Bankr. E.D.N.Y 2009).

44.    "Bankruptcy courts may 'infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone.' " Procel v. United States Tr. (In re Procel), 2012 U.S. Dist. LEXIS 36848 *32 (S.D.N.Y. 2010) *citing* Blair.

45.    There is more than sufficient evidence for the court to conclude that this bankruptcy petition is part of a scheme to hinder, delay or defraud Rossrock. The timing of the Debtor's petition is consistent with the previous bankruptcy petitions filed by the Debtor and her daughter. The Debtor and Ashton, as joint owners of the Property, have collectively filed four (4) separate bankruptcy petitions affecting the Property, each being filed within days or even minutes of the scheduled foreclosure sales.

46.    In addition, as discussed above, ownership of the Property has been transferred numerous times, in violation of the terms of the Mortgage and without the mortgagee's consent.

47.    On May 13, 2004, twenty-four (24) days after Toledo executed the Note and Mortgage, he transferred the Property to the Debtor and Ashton, without the consent of the mortgagee. On September 4, 2013, the Debtor and Ashton executed a deed which added Audige as an owner of the Property, without the consent of Rossrock.

48.    The addition of Audige to the Deed creates an opportunity for yet another Property owner to file for Bankruptcy against the Property in the future. Indeed, it is clear that the Debtor, Ashton and Audige have now created a situation which allows bankruptcy petitions affecting the Property to be continually filed, even if one of them has been prevented from doing so by having their case dismissed with prejudice. For this reason, Rossrock is entitled to *in rem* relief, as provided for in Section 364(d)(4) of the Bankruptcy Code, so that any future bankruptcy filing purported to affect the Property shall not operate as a stay of Rosrrock's right to enforce its Judgment.

49.    Without such relief, Rossrock will never be able to enforce it rights, as the Debtor, Ashton and/or Audige will continually file frivolous bankruptcy petitions simply to stay foreclosure sales of the Property.

B.    Relief From the Automatic Stay Should be Granted Pursuant § 362(d)(1) and (2)

50.    Additionally, Rossrock is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2).

51.    To be awarded relief from the stay of an act against property pursuant to 11 U.S.C. § 362(d)(2), a creditor must first prove that there is no equity in the debtor's property. 11. U.S.C. § 362(d)(2)(A). To determine that there is no equity in the property, it must be shown that the debts secured by the liens on the property exceed its value. In re Country Squire Assocs., 1997 Bankr. Lexis 1163, at 819 (B.A.P. 2d Cir. 1997); *see also* In re New Era Comp., 125 B.R. 725, 728-29 (Bankr. S.D.N.Y. 1991) (noting that equity is the difference between the

value of the property and the total amount of all liens against it); In re Diplomat Electronics Corp., 82 B.R. 688, at 692 (Bankr. S.D.N.Y. 1988).

52.    As evidenced by the Declaration of Relief from Automatic Stay – Real Estates and Cooperative Apartments, executed by James Ross on February 1, 2014 (the "**Ross Declaration**"), the total amount due to Rossrock under the Note and Mortgage at the time of filing is $705,083.81. The Ross Declaration is annexed hereto as Exhibit X.

53.    Moreover, the Debtor has failed to pay: (i) water and sewer charges accruing against the Property in the amount of $2,566.71; and (ii) property taxes and other charges accruing against the Property in the amount of $27,351.81. Copies of printouts from The Official New York City Website evidencing same are annexed hereto as Exhibit Y. In fact, the Debtor has failed to property taxes with respect to the property for the entire years of 2011, 2012 and 2013, as well as the first quarter taxes due in 2014. Id.

54.    According to an Opinion of Value of the Property, the market value of the Property is $412,398.00.    A copy of the Opinion of Value is annexed hereto as Exhibit Z.

55.    Therefore, there is no equity in the Property.

56.    Section 362(d) of the United States Bankruptcy Code sets worth two prongs which must be satisfied in order to grant a creditor relief of stay under chapter 11. 11 U.S.C. § 362(d) (2006). In United Savings Association of TX v. Timbers of Inwood Forest Associates, the Supreme Court examined and analyzed the second prong, which states that relief would be granted if "such property is not necessary to an effective reorganization." 484 U.S. 365, 375-76 (1988). The Court concluded that it is insufficient to establish that under the prospect of a reorganization, the property in question would be needed; but rather, the debtor must demonstrate that the "property is essential for an effective reorganization that [already] is in

prospect." Id.; *see also* In re Pegasus Agency, Inc. v. Grammatikakis, 101 F.3d 882, 886 (2d Cir. 1996). Furthermore, the debtor has the burden to establish that its proposed plan has a "reasonable prospect of success within a reasonable time." In re 68 West 127 St., LLC, 285 B.R. 838, 848 (S.D.N.Y. 2002).

57.    Having established that there is no equity in the Property, the burden is on the Debtor to establish that the Property at issue is in fact necessary to an effective reorganization. *See* 11 U.S.C. § 362(g). This burden requires more than a mere showing that reorganization is conceivable and that the property in issue will be needed for it. United Sav. Ass'n v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 375 (1988). Instead, the debtor must demonstrate that "the property is essential for the effective reorganization that is in prospect." Id. Finally, there must be "a reasonable possibility of successful reorganization within a reasonable time." In re Timbers of Inwood Forest Assoc., Ltd., 808 F.2d 363, 370-71 (1987).

58.    The Debtor has not established that the Property is essential to an effective reorganization that is in prospect and, thus, Rossrock is entitled to relief from the automatic stay pursuant 11 U.S.C. § 362(d)(2).

59.    Furthermore, the Debtor has not made any payments to Rossrock during this bankruptcy proceeding, has not filed a chapter 13 plan and other required documentation and not taken any action indicative of a honest debtor seeking to legitimately reorganize her affairs. Thus, Rossrock is entitled to relief from the automatic stay pursuant 11 U.S.C. § 362(d)(1).

WHEREFORE, Rossrock respectfully requests that the automatic stay be vacated in order to enable Rossrock to continue its Foreclosure Action and for such other, further and different relief as this Court deems just and proper.

Dated: Garden City, New York
       February 7, 2014

                                        Frank C. Dell'Amore