**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------X Case No. 14-40363-cec

IN RE:

**CLAUDETTE BOOTHE**

Debtor Chapter 13

-----------------------------------------------------------------------X

**SECOND AMENDED CHAPTER 13 PLAN OF CLAUDETTE BOOTHE**

1. The Debtor propose this plan to pay off the secured creditor with a lien on property of the estate, an investment property, 3221 Church Avenue, Brooklyn, New York (the "Property") a sum of $412,398, the market value of the property.[1]

    a. This payment shall be spread over a period of 60 months, commencing February 2014 through and including January 2019 the last months of the plan.

    b. Upon confirmation, the payment to the secured creditor, RossRock shall be sent outside of the plan. If inside the Plan the trustee would be paid reasonable percentage fees in accordance with 28 U.S.C. § 586(e) and shall be based on such maximum annual compensation fixed by the Attorney General, after consultation with a United States trustee.

2. The following Claim holders shall be paid through the Plan, with trustee commission of 10% on a timely filed Proof of Claim.

    a. NYC Dept of Finance claim of **$28,000**

    b. New York City Water Board claim of **$2566.71**

    c. Internal Revenue Services **$5300**.

    **Total Claim: 35,866.71**

3. Full payment in deferred cash payment of all claims entitled to priority under 11 U.S.C. section 507.

[1] Debtor uses the market value as assessed by the Rossrock the alleged secured creditor and it is the value used by it in its motion to establish a cause to lift its stay.

4. Holders of the allowed secured claims shall retain the liens securing such claims until the consummation of the plan. Upon completion of the plan payment, the secured creditor claiming lien on the property, Rossrock Fund shall execute lien release documents and file such releases with the Clerk of the County, Kings County, New York.

5. In accordance with the foregoing the debtor shall pay as follows:

   a. Through Trustee: **$35,866.71** plus **$3586.67** (Maximum Commission ) total **$39,453.38**, thus a payment of **$658.00** a month for 60 months.

   b. Out of the collected funds **$3500 x 7 =$24,500, $4606** shall be used to pay claims to be paid inside the plan and rest **$19,894** will be used for payment to RossRock out of plan upon confirmation under the continued protection and instruction of the bankruptcy court .[2]

   c. Outside Plan a sum of **$412,398** to RossRock over a period of 60 months. **$392,504 ($412,398 minus $19,894**) to paid from September, 2014 to and through August, 2019, a monthly sum of $7405.73

   d. Trustee demand for 10% on the mortgage pay off is 10% of $412,398 i.e. **$41,239.00** payable **as $687.31** a month for a period of 60 months.[3]

   Total monthly payment per month by the debtor to cure and pay off RossRock:

   **$658.00 plus 7405.73 plus 687.31 = $8750.00**

6. There is no payments to unsecured creditors. No payments to the unsecured creditors as there is no unexempted equity in the property or assets of the debtor and as such debtor meets the best interest of the creditors test. Further, the plan envision entire disposable income of the debtor for a maximum period of 5 years.

7. The said plan has been proposed to meet the statutory requirement of Chapter 13 of Title 11, however same has been proposed without prejudice to the rights and claims of the debtor against existing parties including present note and mortgage holder as well as any other potential defendants.

---

[2] 11 U.S.C. § 1326(c) contemplates that a confirmed plan can provide for payments to creditors other than by the Chapter 13 trustee.

[3] Debtor shall be challenging the constitutionality of 10% commission as denial of due process, equal protection and violating access to court rights, also the fees charged is unreasonable to the services provided--there is no reasonable nexus. This payment shall be subject to the outcome of the judicial settlement of dispute.

8. Throughout the term of this plan, debtor agrees that debtor will not incur post-petition debt over $500.00 without first notifying the Chapter 13 Trustee in writing.

Dated: August 5, 2014

/s/ Claudette Boothe

_______________________

Claudette Boothe